# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **DeWayne Alphonza El-Bey,** ) | **Case No. 2:16-cv-3864-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Mount Pleasant, Town of, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Plaintiff DeWayne Alphonza El-Bey, *aka* Dewayne A. Sykes, has filed 36 pages of documents, including a "Complaint for Violation of Civil Rights" (DE# 1), a document captioned as a "Legal Notice of Removal" (DE# 1-1), and a document captioned as an "Affidavit of Replevin" (DE# 1-2). Plaintiff (non-prisoner) is proceeding *pro se* and *in forma pauperis*. Although Plaintiff appears to be attempting to remove a traffic case from the Municipal Court in Mount Pleasant, South Carolina, careful review of the pleadings reflects that he has actually brought an action pursuant to 42 U.S.C. § 1983, complaining of his arrest and the criminal case against him in the Municipal Court.[1] The underlying case arose from a traffic stop for suspended license/lack of insurance, after which Plaintiff was arrested. His 2003 Hummer vehicle and trailer were impounded by police officers. This matter has been referred to the Magistrate Judge for review of pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Having carefully reviewed the record, the Magistrate Judge recommends that this civil action be **summarily dismissed**, without prejudice, for the following reasons:

---

[1] Plaintiff lists the caption of the underlying case as: *Irvine's Auto Repair LLC/Robert Larry Irvine v. DeWayne A. Sykes*, C/A No. 2016-CV-1011100615.

## I. Background

The *pro se* Plaintiff (DeWayne Alphonza El-Bey, *aka* Dewayne A. Sykes) indicates he is "Moorish-American, possessing Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution." (DE# 1-1 at 1). He has submitted a printed form Complaint, as well as his own Complaint attached as an exhibit.[2] Plaintiff's Complaint is difficult to follow, but liberally construed, the gist of the Complaint is that Plaintiff purports to bring an action for violation of his civil rights pursuant to 42 U.S.C. § 1983, based on his arrest for driving with a suspended license. He lists violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (DE# 1 at 3, ¶ IIB). He checks the box indicating that he is suing the Defendants in their official and individual capacities. (*Id.* at 2-3, ¶ I). After his own name, Plaintiff typed "In Propria Persona Sui Juris."[3] After his signature, he typed "All Rights Reserved Ucc (sic) 1-207/1-308." (*Id.* at 6, ¶ VI).[4]

In the form Complaint, Plaintiff indicates he is suing four Defendants: 1) the owner of the auto repair shop where the Hummer and trailer were taken for storage (Robert Larry Irvine); 2) the auto repair shop ("Irvine's Auto Repair LLC"); 3) the tow truck driver (Mark Knowles); and 4) the arresting officer (Officer William Culnon). (DE# 1 at 2-3). In Plaintiff's attached non-form

---

[2] Such documents will, for simplicity's sake, be referred to together as the Complaint.

[3] Webster's Dictionary defines "In Propria Persona" as meaning "without the assistance of an attorney." See http://dictionary.law.com. Although Plaintiff argues that this is "not to be confused with Pro se" (DE# 1-1 at 1), the term "pro se" means "without the assistance of an attorney."

[4] Plaintiff's citation to the Uniform Commercial Code is completely nonsensical in this context. UCC § 1-207 pertains to the payment of contract debt by check or other commercial paper and its acceptance by a creditor, regardless of whether the underlying contract between the parties is for the purchase of goods, chattel paper, or personal services. The Official Comment to UCC § 1-207 explains that "[t]his section provides machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute, by adopting the mercantile device of going ahead with delivery, acceptance, or payment "without prejudice," "under protest," "under reserve," "with reservation of all our rights," and the like." This UCC section has no relevance of any kind to a traffic stop and arrest by law enforcement officers.

Complaint, he inconsistently indicates he is suing nine Defendants: 1-3) three police officers (William Culnon, Lisa Lawson, Matthew Salata); 4) the tow truck driver (Mark Knowles); 5) the owner of the auto repair shop (Robert Larry Irvine); 6) the auto repair shop ("Irvine's Auto Repair LLC"): 7) the Town of Mount Pleasant #097637458;[5] 8) John Duffy II (listed as Municipal Court Administrator); and 9) John Sinclaire (also listed as Municipal Court Administrator).

According to Plaintiff, all events occurred on May 6, 2016. (DE#1 at 8). He alleges that Officer Culnon pulled Plaintiff's vehicle over because the "automatic license plate reader" had alerted the officer that Plaintiff's license plate was suspended for cancellation of insurance. When Officer Culnon asked Plaintiff for identification, Plaintiff "cracked his window" and offered "identification and a religious freedom Affidavit." Plaintiff indicates that, in turn, he demanded to see three forms of identification (i.e., driver's license, business card, and badge) for Officer Culnon. Plaintiff indicates that Officer Culnon showed Plaintiff his patrol vehicle registration, insurance card, and a "laminated paper," Plaintiff nonetheless refused to comply with the officer's requests for Plaintiff to exit his vehicle.

Officer Culnon sought back-up assistance. Officers Lawson and Salata arrived. According to Plaintiff, the officers arrested him "without cause or provocation" and by "trespassing on Plaintiff's property." (DE#1 at 9). Plaintiff indicates he was hand-cuffed, patted down, and placed in a patrol car. (*Id*.). He complains that he was "just exercising his religious belief, plus rights and just wanted some conformation (sic) that [Officer] Culnon had jurisdiction to deny Plaintiff rights to religious freedom, practices, unalienable, and absolute rights." (*Id*. at 9, ¶ 17). Plaintiff complains that the officers "snatch[ed] Plaintiff under duress of imprisonment from his private property automobile." (*Id*. at 9, ¶ 30). Plaintiff alleges that a tow truck arrived and towed Plaintiff's

---

[5] Plaintiff fails to shed any light on the purported significance of these numbers.

vehicle without his consent. Plaintiff complains that the police officers arrested him without a warrant and without "exigent circumstances." (*Id*. at 10, ¶¶ 26, 28).

Plaintiff alleges that he was taken to the detention center and "deposited … there under Perjury and violation of national and international law by practicing denationalization under the name Dewayne NE A. Sykes 40217 to be booked, photographed, and fingerprinted." (*Id*. at 10, ¶ 34). Plaintiff posted a bond and was released. (*Id*. ¶ 35). He complains that the auto shop would not release his vehicle without documentation from the Town of Mt. Pleasant. Plaintiff alleges that he went to the Municipal Court and complained to administrator John Sinclaire, who "postponed the hearing to July 20, 2016." (*Id*. at 11, ¶35F). At the hearing, Plaintiff contends that John Duffy II "deprived me of Due Process Rights" and had Plaintiff removed from the court room, placed in handcuffs, and taken to the detention center to serve sixty (60) days in jail. (*Id*. at 11, ¶35G).[6]

In his Complaint, Plaintiff describes his causes of action as follows:

> "Primary Cause! Plaintiff's First Amendment, as it applies to religious freedom and the free exercise was violated upon Salata, Culnon, Lawson, and the TOWN who (sic) has willfully totally disregarded Plaintiff's free exercise of religious beliefs and practices, falsely accusing Plaintiff of being black and making Plaintiff assume a former identity Plaintiff converted from in order for them to prosecute Plaintiff under the state's statutes, code and ordinances which amounts to crime of peonage."

(DE# 1 at 13-14, ¶ 52).[7] Plaintiff contends the seizure of his Hummer vehicle and trailer "burdened his exercise of religion." (*Id*.). He contends that he was arrested without justification and that the "towing of my property without just compensation is a violation of my substantive right s (sic) in

---

[6] Although Plaintiff indicates that John Duffy was the presiding judge, the Honorable Michael R. Phegley is listed as the Municipal Court Judge in Mount Pleasant. See http://www.mtpleasantwi.gov/563/Municipal-Court. The website does not list John Sinclaire as "administrator."

[7] While it is difficult to make sense of these allegations, Plaintiff appears to argue that the Municipal Court used his actual name DeWayne Sykes, rather than the name he now prefers "DeWayne El-Bey."

conjunction with Article Four of the American Constitution 1790-1791." (*Id*. ¶ 53).[8] Plaintiff contends that the "automated license plate reader" violated his Confrontation rights. (*Id*. ¶ 54). Although Plaintiff acknowledges in his Complaint that he received a hearing in Municipal Court, he contends that: "Final Cause! the Town, sued as a person maintains a policy or custom that subjects a person or persons to deprivations of procedural due process rights." (*Id*. ¶ 55).

For relief, Plaintiff demands $5,000,000.00 in compensatory damages, $100,000.00 from each defendant in punitive damages, costs of the action, a declaration that the officers violated his constitutional rights, and a declaration that the Town is liable to him under 42 U.S.C. § 1983 for failing to properly train and supervise its officers "in mandatory due process requirements." (DE# 1 at 14). Despite proceeding *pro se,* Plaintiff asks for attorney's fees. Plaintiff also demands "injunctive relief" for the purpose of preventing his arrest "unless Plaintiff commits a felony or breach of the peace." (*Id*.).

## II. Relevant Law

### A. Liberal Construction

*Pro se* pleadings are liberally construed and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed. *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore *a*

---

[8] Article IV of the United States Constitution contains sections pertaining to "full faith and credit" (Sec. 1), "privileges and immunities" (Sec. 2, Clause 1), delivery of fugitives (Sec. 2, Clause 2), runaway slaves (Sec. 2, Clause 3), admission of new states (Sec. 3, Clause 1), territory or property of United States (Sec. 2, Clause 2), and form of state governments (Sec. 4). Plaintiff fails to explain what any of this has to do with his case.

*pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

### B. No Screening Under 28 U.S.C. §§ 1915, 1915A

Pre-screening under 28 U.S.C. §§ 1915 and 1915A applies to cases brought by prisoners and is not applicable in non-prisoner cases, such as the present one. *See e.g., Chong Su Yi v. Social Sec. Admin.*, 554 F.App'x 247 (4th Cir. 2014); *Mayhew v. Duffy*, Case No. 2:14–cv–24–RMG-BM, 2014 WL 468938, *1 (D.S.C. Feb. 4, 2014). Therefore, the Magistrate Judge is not reviewing pursuant to 28 U .S.C. §§ 1915, 1915A.

### C. Screening Under § 1915(e)(2)

Screening under 28 U.S.C. § 1915(e)(2) applies to cases brought by litigants, such as Plaintiff, who are proceeding *in forma pauperis*. *See Chase v. Greenville Tech. College,* Case No. 6:12–3376–TMC–KFM, 2012 WL 6808967 (D.S.C. Dec. 13, 2012), *adopted by* 2013 WL 85161 (D.S.C. Jan. 8, 2013); *Bardes v. Magera*, Case No. 2:08–487–PMD–RSC, 2008 WL 2627134, *8–10 (D.S.C. June 25, 2008). Title 28 U.S.C.A. § 1915(e) provides that a district court must dismiss an action that the court finds to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *McLean v. U.S.*, 566 F.3d 391, 399 (4th Cir. 2009). As for failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* [9]

### III.  Discussion

#### A.  Purported Removal of Criminal Case from Municipal Court

Plaintiff has filed a document captioned as a "Legal Notice of Removal" (DE# 1-1). Review of such document does <u>not</u> reflect that it was transmitted by any state court. Rather, Plaintiff has simply labeled his own document with such title. The record does not reflect any of the documents typically forwarded by a state court upon actual removal of a state case to federal court. Plaintiff indicates he had a hearing in July 2016 in Mt. Pleasant Municipal Court and was ordered to serve sixty (60) days in jail for his offense of driving on a suspended license. Removal would be improper for many reasons (i.e. the underlying case is not civil, the Municipal Court has exclusive jurisdiction over traffic cases, the Municipal Court has not forwarded the case for removal nor been asked to do so, Plaintiff has failed to comply with the removal statutes, etc.). In any event, the record reflects that Plaintiff has not actually removed any case.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A district court must ensure that it has subject matter jurisdiction in all actions pending before it. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). When a case has been removed, the district court must consider *sua sponte* whether it

---

[9] Courts also have inherent authority to review a complaint to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. Aug. 22, 2012) ("frivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court"); *Mayhew*, 2014 WL 468938 at *1, fn.1 (exercising inherent authority to summarily dismiss a frivolous case). A "patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke*, 490 U.S. at 327n.6; *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012).

has subject matter jurisdiction over a case and must remand the case to state court if jurisdiction is lacking. See 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3); *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 196 (4th Cir. 2008). A federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp*., 6 F.3d 229, 232 (4th Cir. 1993); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008), *cert. denied*, 557 U.S. 919 (2009). Removal statutes are construed against removal jurisdiction, and in favor of remand. *Cheshire v. Coca-Cola Bottling Affiliated*, *Inc*., 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Scott v. Greiner*, 858 F.Supp. 607, 610 (S.D.W.Va. 1994) (observing that removal statues are strictly construed against removal).

A state case may be removed to federal court if it could have originally been filed in federal court. *See* 28 U.S.C. § 1441 (a civil action may be removed from state court only if the case involves matters over which "district courts of the United States have original jurisdiction"); *Darcangelo v. Verizon Comm., Inc*., 292 F.3d 181, 186 (4th Cir. 2002). A case may be filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if federal question jurisdiction exists under 28 U.S.C. § 1331. The removing party bears the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chem. Co*., *Inc*., 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. The federal removal statute requires the removing party to provide in the notice of removal "a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon such defendant . . . in [the removed state] action." 28 U.S.C. § 1446(a). Plaintiff has failed to comply with such statute. Plaintiff has not provided a "copy of all process, pleadings, and orders served upon such defendant" from the underlying Municipal Court action.

Plaintiff's document labeled as a "Legal Notice of Removal" consists of 19 pages that reflect no jurisdictional basis for removal to federal court. The document contains many irrelevant or nonsensical assertions. Several samples of such assertions should suffice to illustrate their general nature, including the following paragraph under the "Jurisdiction" heading:

> Being a descendent of Moroccans and born in America, with the blood of the Ancient Moabites from the Land of Moab, who received permission from the Pharaohs of Egypt to settle and inhabit North-west Africa/North Gate. The Moors are the founders and are the true possessors of the present Moroccan empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes. Our dominion and inhabitation extended from Northeast and Southwest Africa, across the Great Atlantis, even unto the present North, South and Central America and the Adjoining Islands – bound squarely affirmed to THE TREATY OF PEACE AND FRIENDSHIP OF SEVENTEEN HUNDRED AND EIGHTY-SEVEN (1787) A.D. between Morocco and the United States … as expressed in Article VI of the Constitution for the United States of America (Republic).[10]

(DE# 1-1 at 1, as in original). This does not establish jurisdiction. *See, e.g., South Carolina v. Bakari,* Case No. 1:12–cv–02630–TLW-PJG, 2012 WL 6947764, *2 fn.1 (D.S.C. Dec. 4, 2012) (observing that references to Treaty of Peace and Friendship of 1787 failed to show any authority for federal court to exercise jurisdiction over a state criminal case); *Randolph v. Metlife Bank NA*, Case No. 3:13–111–MBS–PJG, 2013 WL 1386346 (D.S.C. Mar. 4, 2013) (despite references to various federal legal authorities, the complaint provided no basis for federal jurisdiction), *adopted by* 2013 WL 1386703 (D.S.C. Apr. 3, 2013).

Plaintiff's "Legal Notice of Removal" also includes the following language:

> The Officers of CHARLESTON COUNTY EAST COOPER MAGISTRATE commanded that the Petitioner pay fines and costs imposed "under threat, duress, and coercion with a 'man-of-straw' / misnomer word, misrepresented as implying my name, and typed upon the Order/Instrument, and was improperly spelled, "DEWAYNE ALPHONZA SYKES" in ALL capital letters. That misnomer and CORPORATE – NAME "DEWAYNE ALPHONZA SYKES" is clearly

---

[10] Such reference is nonsensical. Article VI of the Constitution contains no reference to any treaty of 1787.

Page **9** of **13**

> (an artificial – person/entity ); is not me, the Natural Person; is a deliberate grammatical error, intended for injury to me; and is clearly not of consanguine relationship to me or to my nationality, in any form, truth or manner; nor to my Moorish Family Bloodline. This is a (sic) in violation of my secured rights to my name and nationality; a violation of International Law…..

(DE# 1-1 at 3). Plaintiff's argument that the capitalization of his name violated international law provides no basis for removal and is patently frivolous. Even liberally construed, Plaintiff's Complaint fails to allege facts that would provide a plausible basis for federal question or diversity jurisdiction. *See, e.g., Brunson v. United States*, Case No. 3:14–2540–JFA–PJG, 2014 WL 4402803 (D.S.C. Sept. 3, 2014) (summarily dismissing complaint because its allegations were insufficient to establish federal jurisdiction).

"In the Legal Notice of Removal," Plaintiff further demands that:

> All UNCONSTITUTIONAL Citations – Summons/Ticket – Suit /(misrepresented) Bill of Exchange: Number 2016CV1011100616, and any other 'Order' or 'Action' associate with it /them, to be dismissed and expunged for the record on it's (sic) face and merits; or otherwise, be brought before a legitimately – delegated, and competent 'Court of Law of International jurisdiction/venue."

(DE# 1-1 at 12, ¶ 6). Plaintiff appears to be filing a § 1983 action in an attempt to invalidate or interfere with his conviction for driving on a suspended license. Plaintiff may not do so in this civil action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that Plaintiff's convictions had not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and therefore could not be attacked by means of a § 1983 action).

Moreover, Plaintiff's allegations are frivolous. *See, e.g., Bakari,* 2012 WL 6947764, *1 (holding that "the purported ground for removal based on the premise that she should not be prosecuted for a violation of the law of the State of South Carolina because she is an Aboriginal

Indigenous Moorish–American is frivolous on its face"), *adopted by* 2013 WL 314491 (D.S.C. Jan. 28, 2013). The Municipal Court has exclusive jurisdiction over Plaintiff's traffic citation for driving on a suspended license. Plaintiff has not shown any proper basis for removal to this federal court, much less provided any indication that any case was actually removed. The fact that the *pro se* Plaintiff has filed a document (labeled as a notice of removal) does not mean he has actually removed a case. Plaintiff makes the conclusory assertion that "[b]ecause this cause is now removed, the instant Court is without jurisdiction to effect any judgment in these proceedings." (DE# 1-1 at 11, ¶ 99). Plaintiff's assertion is incorrect and is based on a miscomprehension of the law. Plaintiff's filing of a document purporting to remove a traffic case from Municipal Court to this federal court is procedurally inappropriate and of no effect. The Municipal's authority is not affected by the Plaintiff's filing of the present Complaint or self-styled Notice of Removal.

Even supposing *arguendo* that Plaintiff had complied with the federal removal statute and that the traffic case had actually been forwarded by the Municipal Court, the case would be subject to remand *sua sponte* for lack of subject matter jurisdiction. The Mount Pleasant Municipal Court has exclusive jurisdiction over all traffic citations and municipal ordinance violations that occur within the town, and such proceedings are not removable to this federal court. Plaintiff has not shown that this federal court would have subject-matter jurisdiction to consider any issues regarding Plaintiff's citation for suspended license and/or lack of insurance. Plaintiff has failed to sustain his burden, as the removing party, of showing that removal is proper. Plaintiff has not complied with the removal statute requirements. See 28 U.S.C. 1446. As the record does not reflect that Plaintiff has actually removed a case from Municipal Court, remand is unnecessary.

**B. <u>Summary Dismissal Based on Heck v. Humphrey</u>**

Upon review of the record, it appears that the *pro se* Plaintiff is bringing an action pursuant to 42 U.S.C. § 1983. Plaintiff complains about his criminal arrest, complains about alleged violation of his constitutional rights, challenges his conviction, and seeks damages from police officers and court officials for the proceedings against him in Municipal Court.[11]

Plaintiff asserts § 1983 claims that would, if proven, imply the invalidity of his conviction. The United States Supreme Court has explained that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff does not allege, and the record does not reflect, that his conviction has been reversed on appeal, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, under *Heck*, Plaintiff may not maintain this §1983 action. *Id.*; *Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695-96 (4th Cir. 2015) (citing *Heck* and affirming dismissal of Plaintiff's suit against police for damages under 42 U.S.C. § 1983). This § 1983 action is subject to summary dismissal.

---

[11] The Municipal Court Judge would have absolute judicial immunity for actions taken in his judicial role. *Mireles v. Waco*, 502 U.S. 9 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *Faltas v. South Carolina*, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012) (same). Also, absolute quasi-judicial immunity would apply to court personnel. *See, e.g., Martin v. Rush*, Case No. 13–cv-693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court).

### C. Requested Relief is Inappropriate or Unavailable

Additionally, review of the Plaintiff's Complaint reflects that some of the relief requested by Plaintiff is inappropriate or unavailable. Although Plaintiff is proceeding *pro se* (i.e. he is not represented by legal counsel), he demands attorney's fees. Although Plaintiff demands "injunctive relief" for the purpose of preventing his arrest "unless Plaintiff commits a felony or breach of the peace" (DE# 1 at 14), he may not ask the Court to immunize him from future criminal acts, including misdemeanors and traffic citations. *See, e.g., United States v. Lee–El*, 2009 WL 4508565 (D.Kan. Nov.24, 2009) (collecting cases and finding that "Moorish–Americans" must obey the laws of the United States); *Caldwell v. Wood*, 2010 WL 5441670, *17 (W.D.N.C. Dec. 28 2010) (observing that petitioner's allegation that he was entitled to ignore state laws by virtue of his membership in the Moorish–American Nation was "ludicrous"); *Bey v. Hillside Twp. Mun. Ct.*, 2012 WL 714575, *5 (D.N.J. March 5, 2012) (rejecting § 1983 claim because Plaintiff's attempt to challenge events on the basis of the 1787 "Treaty with Morocco" was frivolous).

### IV. Recommendation

Accordingly, the Magistrate Judge recommends that this case be **summarily dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

*(signature)*
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 15, 2016
Charleston, South Carolina

The *pro se* litigant's attention is directed to the following **Important Notice**:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).