## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

DeWayne Alphonza El-Bey          )          Case No. 2:16-cv-3864-RMG
                                 )
            Plaintiff,           )
                                 )
    v.                           )          **ORDER**
                                 )
Mount Pleasant, Town of, *et al.*, )
                                 )
            Defendants.          )
_____)

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be summarily dismissed without prejudice under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6) because the action is frivolous and fails to state a plausible claim for relief. (Dkt. No. 9.) Plaintiff DeWayne Alphonza El-Bey, proceeding *pro se* and *in forma pauperis,* has simultaneously 1) attempted to remove his criminal traffic case from Municipal Court to this Court and 2) filed a Complaint[1] under 42 U.S.C. § 1983 alleging that defendants variously violated his Constitutional rights in connection with his arrest at a routine traffic stop.

Plaintiff was pulled over by a police officer on or around May 6, 2016, when the officer's license plate screening equipment alerted the officer that Plaintiff's license plate had been suspended because his insurance had been cancelled. Plaintiff demanded to see the officer's credentials which the officer retrieved from his car and displayed for Plaintiff. Plaintiff nonetheless refused the officer's directions to exit the vehicle. The officer, who had called for reinforcements, then physically removed plaintiff from his car. The police impounded Plaintiff's

_____

[1] Plaintiff Submitted both a form Complaint and a Complaint of his own attached to the form as an exhibit (together, the "Complaint").

Hummer and its trailer. Following a hearing in Municipal Court in July 2016, Plaintiff was taken to a detention center to serve sixty days in jail. (Dkt. No. 1 at 8-11.)

Plaintiff filed a self-styled "Legal Notice of Removal" (Dkt. No. 1-1) in the present action to attempt to remove his criminal traffic case from Municipal Court to this federal Court. For the many reasons listed in the R&R, Plaintiff has not and cannot remove his criminal traffic case to federal court. (Dkt. No. 9 at 7-11.) The Municipal Court maintains exclusive jurisdiction over Plaintiff's traffic case. (*Id.* at 11.) Under 28 U.S.C. § 1915(e)(2), district courts must dismiss frivolous actions brought by litigants proceeding *in forma pauperis.* Plaintiff's attempt to remove his criminal traffic case to federal court is frivolous because it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009). Plaintiff's action is therefore appropriate for dismissal under 28 U.S.C. § 1915(e)(2).

Plaintiff has also filed an action under 42 U.S.C. § 1983 seeking damages for alleged violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights in connection with his arrest and subsequent proceedings in Municipal Court. Plaintiff's allegations are extensive and varied. Plaintiff alleges that, during the course of his arrest, he was "denied equal protection [because the officers] acted very bias[ed] toward Plaintiff's religions [sic] belief"; "was arrested without a warrant"; was "NOT read his Miranda rights"; was denationalized when he was booked under a name he no longer uses, in violation of national and international law; was "imprisoned absent verified complaint"; and was arrested "without cause or provocation" after he "exercise[ed] his religious belief, plus rights and just wanted some conformation [sic] that [the officer] had jurisdiction to deny Plaintiff rights to religious freedom, practices, unalienable, and absolute rights." (Dkt. No. 1 at 9-14.) Plaintiff claims that the towing of his hummer

"burdened his exercise of religion" and that he was "denied due process" at his Municipal Court hearing. (*Id.* at 11, 13.) Despite these varied allegations, the facts Plaintiff has provided indicate that he was arrested and later convicted because he refused to comply with an officer's request to exit his car at a traffic stop. Plaintiff has not provided facts to support his many various allegations of civil rights violations. Although Plaintiff alleges that he was the victim of "assault [and] battery," Plaintiff has alleged only that the officer pressed Plaintiff's head against the seat of his Hummer causing "extreme pain," and that the handcuffs he was placed in "were extremely tight and was [sic] cutting the blood circulation in his hands." (*Id.* at 9.) The officers responded to Plaintiff's complaint and loosened the handcuffs. (*Id.*) Plaintiff has not alleged that he sustained any injuries during the arrest.

Plaintiff's allegations collectively amount to an argument that he was illegally arrested for no reason, that defendants violated his constitutional rights, and that his conviction and sentence were illegal. Because these allegations imply the invalidity of his conviction, the Supreme Court has held that they "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, a conviction or sentence has been invalidated if it has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Plaintiff has not alleged and the record does not show that his conviction has been invalidated in any way, so his Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The Court therefore **ADOPTS** the Report and Recommendation (Dkt. No. 9) as the Order of the Court, and **SUMMARILY DISMISSES THE COMPLAINT WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk refuse to accept any filings by Plaintiff El-Bey without proper payment of required fees. Plaintiff represented in his application to proceed in district court without paying fees or costs that he has zero wages, zero cash, zero money in a checking or savings account, zero assets, zero regular monthly expenses, and zero debts or other financial obligations. (Mot. for Leave to Proceed *in forma pauperis*, *El-Bey v. Culnon, et al.*, No. 2:16-03239-RMG, Dkt. No. 3-1.) Plaintiff's responses indicate that he misrepresented his financial condition or did not make a good faith effort to accurately complete the application. Under 28 U.S.C.A. § 1915(e)(2)(A), this court shall dismiss a case at any time if it determines that plaintiff's "allegation of poverty is untrue."

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 6, 2017
Charleston, South Carolina